# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

BRIAN ANTHONY WILKINS and ]
ROBERT C. PRUETT ]
    Plaintiffs, ]
     ]
v. ]    No. 3:14-0327
     ]    Judge Sharp
HUMPHREYS COUNTY JAIL, et al. ]
    Defendants. ]

## **M E M O R A N D U M**

The plaintiffs, proceeding *pro se*, are inmates at the Humphreys County Jail in Waverly, Tennessee. They bring this action pursuant to 42 U.S.C. § 1983 against the Humphreys County Jail and Haylee Bradley-Maples, a General Sessions Judge in Humphreys County, seeking injunctive relief.

The plaintiffs complain about conditions of their confinement. More specifically, they allege that the Humphreys County Jail has an abundance of black mold, asbestos and lead paint chips. In addition, the plaintiffs assert that the air quality is poor, there are no church services for male inmates, and medical care is inadequate. The plaintiff, Brian Wilkins, also alleges that Judge Bradley-Maples should have recused herself from his case because of a conflict of interest.

To establish a claim for § 1983 relief, the plaintiffs must plead and prove that a person or persons, while acting under color of state law, deprived them of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a "person" that can be sued under 42 U.S.C. § 1983.

Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991). Therefore, the plaintiffs have failed to state a claim for relief against the Humphreys County Jail.

Judges enjoy absolute immunity for actions taken within the scope of their jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Here, the plaintiff believes that Judge Bradley-Maples should have recused herself from his case because of a conflict of interest. However, there are no factual allegations suggesting that the judge was acting beyond the scope of her judicial duties. Thus, this defendant is shielded from liability by her absolute immunity.

The plaintiffs have failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge