# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN ANTHONY WILKINS and** | ] | |
| **ROBERT C. PRUETT** | ] | |
|     **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:14-0327** |
| | ] | **Judge Sharp** |
| **HUMPHREYS COUNTY JAIL, et al.** | ] | |
|     **Defendants.** | ] | |

# O R D E R

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2) from the plaintiff, Brian Wilkins.[1]

It appears from the application that the plaintiff, Brian Wilkins, lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

Each plaintiff is herewith ASSESSED one half (½) of the civil filing fee of $350.00 ($175.00). Talley-Bey v. Knebl, 168 F.3d 884, 887 (6th Cir. 1999). Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiffs' inmate trust accounts at the institution where they now reside is directed to submit to the Clerk of Court, as an initial partial payment, whichever

---

[1] A deficiency order (Docket Entry No. 3) was entered on February 20, 2014, directing the other plaintiff, Robert Pruett, to either pay the filing fee or submit an application to proceed in forma pauperis. He has not responded to the order.

is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiffs' inmate trust accounts; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiffs' inmate trust accounts for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiffs' preceding monthly income (or income credited to the plaintiffs' trust accounts for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until each plaintiff has paid his share of the filing fee to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum contemporaneously entered, the plaintiffs have failed to state a claim upon which relief can be granted. The complaint, therefore, is hereby DISMISSED. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiffs are NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiffs decide to file a notice of appeal, they must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit new applications to proceed in forma pauperis with certified copies of their inmate trust account statements for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Sheriff of Humphreys County to ensure that the custodian of plaintiffs' inmate trust accounts complies with that portion of the Prison

Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

Kevin H. Sharp
United States District Judge